Rollins, S.
The decree herein, on September 30, 1886, revoked the letters testamentary of Edward E. Tower, executor of this estate, and removed him from his office as. trustee under his testator’s will. It also settled and adjudi - cated his account, and directed him to make immediate deposit in this court of the sum of $10,037.98, being the principle or corpus of the estate in his hands, and to pay to Mary Cluff the sum of $2,050.76 due her as income. It still further directed him to deliver said Mary Cluff a certain promissory note, and to pay as costs taxed against .him the-sum of $868.04. This decree was duly served upon the executor’s attorneys on October nineteenth.
The executor had the right to appeal, therefore, at any time during the thirty days then next ensuing. Notice of appeal was served by his attorney before the thirty days had expired. After the expiration he applied ex parte to the-surrogate for an order giving him time in which to make a case. By an order entered on November twenty-sixth he-was allowed twenty days for that purpose.
Counsel for Mary Cluff now moves that that order be vacated, on the ground that at the time it was granted the-would-be appellant had neglected to file any undertaking, and that his notice of appeal had, therefore, become utterly ineffectual.
This, contention is unquestionably sound, so far as it relates to the provisions in the decree of September thirty, which revoke the respondent’s letters testamentary and remove him from his office as trustee. To perfect an appeal from a decree of that character the filing of an undertaking is absolutely essential. Fernbacher v. Fernbacher, 4 Dem., 227.
Whether or not the moving party is correct in claiming that failure to file an undertaking has made inoperative the respondent’s effort to appeal from those portions of the decree which direct the delivery of property and payment or deposit of moneys, is a question more difficult of solution.
Counsel for the respondent claims that, although an appeal for a decree containing such directions cannot, in view of the provisions of sections 2578 and 2580 of the Code of Civ. Pro. operate as a stay of execution, except upon the filing of an undertaking in a sum not less than twice the *755 sum directed to be paid or deposited, etc., it may nevertheless be operated for all other purposes without the interposition of any undertaking at all.
When the second part of the Code of Civil Procedure first came upon the statute book, an appeal from a surrogate’s decree containing such directions as are here the subject of consideration, was declared by section 3578 to be “not effectual for any purpose,” in the absence of the special undertaking for which that section provided—an undertaking sufficient in amount to secure not only such costs and damages as might be recovered against the appellant, but the payment or deposit of money, or the delivery of property directed by the decree appealed from.
It was at the same time declared by the next preceding section (section 2577), that “to render a notice of appeal (that is, any notice of appeal) effectual for any purpose except in a case specified” in section 2578 (ante), * * * the appellant must give a written undertaking with at least two sureties to the effect that he would pay all costs and damages (to an amount not exceeding $250,000) which might be awarded against him upon the appeal.
(In the place indicated above by asterisks there is set forth another restriction upon the operation of section 2577. This restriction will be ignored as foreign to the purposes of the present inquiry).
On July 1, 1882, the legislature amended section 2578, by substituting in place of the words “is not effectual for any purpose” the words “does not stqy the execution of the decree appealed from.”
The respondent claims that so far as regards the direction of the decree of September thirty for payment, deposit and delivery, this case is not within the purview of section 2577, because it is “a case specified in the next section,” and that by that section, as it now stands, no undertaking is required, save for the purpose of effecting a stay of execution.
An interpretation of the act of 1882, so out of harmony with the general scheme of appeals from surrogates’ decrees which is established by article 4 of chapter 18 of the Code, should not be countenanced unless it is absolutely demanded by the phraseology of the amending statute.
Before subjecting that phraseology to critical examination it may be said in general that its apparent purpose was to relieve executors, administrators, testamentary trustees, guardians, etc., from a hardship to which they had been theretofore subjected—the hardship of giving a bond in double the amount involved in a proceeding culminating in a decree containing some such direction as is specified in section 2578, as a condition precedent not merely to a stay-'' *756 of execution, but to the exercise of the privilege of appeal.
It would seem, in other words, that the legislature intended to say to a would-be appellant from a decree directing the payment or deposit of money or the delivery of property—“You must give an undertaking proportioned to the amount of money which you are directed to pay or deposit, or to the value of the property which you are directed to deliver, if you wish, pending your appeal, to avoid compliance with the decree appealed from; otherwise you must give such an undertaking as is ordinarily required as security for the payment of costs and damages that may ultimately be awarded against you.”
I think that this construction may be put upon sections 2577 and 2578 as they now stand without violence to their language. It seems to me that as regards a case like the present the following is a fair paraphrase of section 2577 as it was originally enacted and as it stands unaltered to-day: ‘ ‘ To render a notice of appeal effectual for any purpose, the appellant must give a written undertaking in the sum of $250, except in cases which are, by the next section, excepted from the operation of this, i. e., except in cases where the giving of an undertaking regulated by the amount of money directed to be paid or deposited or the value of the property directed to be delivered, is, in the next section, declared to be essential for rendering a notice of appeal effectual for any purpose.”
If this is "the true interpretation of section 2577, what was the effect of the amendment of 1882 % Simply this, that since its adoption section 2578 has ceased to specify any cases that fall within the category of exceptions to section 2577. In other words, the amendment to section 2578 has made altogether ineffective—has indeed actually extinguished—such exceptions to the operation of 2577 as had been worked by section 2578 before it was subjected to amendment. As a case like the present would no longer fall within any exception to the rule of section 2577, it would now fall within the rule itself, and no notice of appeal would be effectual for any purpose unless an undertaking were given in the sum of at least $250.
I hold that this is the law, and that on the day of the entry of the order giving this respondent time to make and serve a case of exceptions, his right to perfect his appeal had expired by limitation, thirty days having elapsed from the service of the decree without his filing an undertaking.
The order of November twenty-six must, therefore, «be vacated.